■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. GRANDVIL-LIERUDTH ALLEN, Appellant.— Judgment of the Supreme Court, Kings County, rendered November 29, 1965, affirmed. In our opinion, the similarity between defendant's physical appearance and the descriptions given to the police by robbery victims, defendant's presence in the cleaning store, one of a type in which approximately 40 robberies had been committed in a series in an area of Kings County, together with the observation of defendant's conduct by the arresting officer prior to defendant's entry into the store, established probable cause for defendant's arrest as the robber wanted in connection with the prior robberies. Beldock, P. J., Christ, Brennan, Hopkins and Martuscello, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. PHILIP EIDENMUELLER, Appellant.— Appeal by defendant, as limited by his brief, from so much of an order of the Supreme Court, Queens County, dated August 25, 1965, as denied, without a hearing, his application for an order directing that he be furnished with copies of all statements made by the complainant which were part of his trial and used by the prosecutor and which appellant alleges were suppressed. Appeal dismissed. The order is not appealable (*People* v. *Farina*, 2 A D 2d 776, affd. 2 N Y 2d 454). We have, however, considered the merits of the matter and have concluded that, if the order were appealable, we would affirm, for in the absence of any factual showing that the alleged statements ever existed, and in the face of the District Attorney's categorical statement that he suppressed no statement, the denial of appellant's application without a hearing was fully warranted. A hearing is not required on an insubstantial application lacking factual support (see *People* v. *Smyth*, 3 N Y 2d 184; *People* v. *Middleton*, 14 A D 2d 557; *People* v. *Mysholowsky*, 13 A D 2d 823). Beldock, P. J., Christ, Rabin, Benjamin and Munder, JJ., concur.